1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   RAYMOND LOPEZ,                    1:05-cv-00078-AWI-DLB-P

12            Plaintiff,          **ORDER ADOPTING FINDINGS AND**
                                  **RECOMMENDATIONS** (Doc. 8)
13   vs.
                                  **ORDER DISMISSING ACTION**
14   NORTH KERN STATE PRISON,
     et al.,
15
              Defendants.
16   _____/

17

18        Plaintiff, Raymond Lopez ("plaintiff"), a state prisoner

19   proceeding pro se and in forma pauperis, has filed this civil

20   rights action seeking relief under 42 U.S.C. § 1983.  The matter

21   was referred to a United States Magistrate Judge pursuant to 28

22   U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

23        On April 29, 2005, the Magistrate Judge concluded that the

24   complaint must be dismissed.  The Magistrate Judge gave notice of

25   the pleading deficiencies in the complaint. The Magistrate Judge

26   then granted Plaintiff leave to filed an amended complaint within

27   thirty days.

28        After more than thirty days passed without Plaintiff filing

                                    1

an amended complaint, on September 1, 2005, the Magistrate Judge filed Findings and Recommendations herein which were served on plaintiff and which contained notice to plaintiff that any objections to the Findings and Recommendations were to be filed within twenty (20) days.  To date, plaintiff has not filed objections to the Magistrate Judge's Findings and Recommendations.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C), this court has conducted a de novo review of this case. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).  Having reviewed the file, the court adopts the recommendation that the action be dismissed.   No complaint is currently on file in this action, and this case cannot proceed with a complaint on file.   Further, the original complaint was properly dismissed for failure to state a claim upon which the court could grant relief.  See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

The court cannot manage its docket if it maintains cases in which a plaintiff fails to keep an operative complaint on file by filing an amended complaint.  The public's interest in the expeditious resolution of litigation weighs heavily in favor of dismissal of such cases so that the court's limited resources may be spent on cases in which the litigant is actually proceeding. Public policy favoring disposition of cases on their merits also has little or no weight in actions where the plaintiff lacks enough of an interest to file an amended complaint.  The public

and the court have no interest in determining the truth or
falsity of the allegations that Plaintiff might raise in an
amended complaint if Plaintiff never files an amended complaint.
The availability of less drastic sanctions has been considered,
but given that no complaint is on file, the court has no
effective sanction but to close the case.

      Accordingly, IT IS HEREBY ORDERED that:

      1.   The Findings and Recommendations, filed September 1,
2005, are ADOPTED IN FULL; and,

      2.   This action is DISMISSED for plaintiff's failure to
obey the court's order of April 29, 2005, and for failure to
state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   November 9, 2005**          _____/s/ Anthony W. Ishii_____
0m8i78                                 UNITED STATES DISTRICT JUDGE